IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MARY JERMAN LOUZI,** *as Surviving Parent* *and Representative of the Estate[1] of Emmanuel Akueir, Deceased;* <br><br> *Plaintiff,* <br><br> V. <br><br> **FORT BEND COUNTY, TEXAS;** **SHERRIFF TROY NEHLS,** *Individually;* **and** **DEPUTY K. LEWIS,** *Individually;* <br><br> *Defendants.* | Civil Action No.: 4:18-cv-4821 <br> (Jury) |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF THE COURT:**

**NOW COMES MARY JERMAN LOUZI** plaintiff herein complaining of FORT BEND COUNTY, TEXAS, SHERIFF TROY NEHLS, and DEPUTY K. LEWIS and will show the Court the following:

## **NUTSHELL and PRELIMINARY FACTS**

1.  The Fort Bend County jail has an atrocious record of failing to prevent suicide of inmates despite many suicides and suicide attempts and warnings from the Texas Commission on Jail Standards. Among several suicides and attempts on September 29, 2015 Fort Bend County jail inmate Heriberto Correas committed suicide by hanging. The Texas Commission on Jail Standards (TCJS) investigated and wrote a letter directly to defendant Fort Bend County Sheriff Troy Nehls. **Exhibit 1.** The short, to-the-point October 15, 2015 letter stated--in the first sentence--that "an

---

[1] The Estate action is to be filed.

*Plaintiff's Original Complaint*   Page **1** of **8**

area of concern exists." That concern was failure to do the 30-minute face-to-face inmate visual contacts required by state law. As a result, the TDCJ classified the Fort Bend County jail as "At Risk" and was required to submit a plan to prevent reoccurrence. Despite this warning another inmate Eugene Ethridge Jr. committed suicide November 23, 2015 when again failed to do rounds and, furthermore, failed to respond to Eugene's repeatedly pressing of the cell intercom/buzzer for help just prior to his suicide. *Again,* the TCJS found there was a failure to do the required rounds and the jailer was fired.

2. Despite all the previous suicides and TCJS warnings 17-year old Emmanuel Akueir committed suicide January 26, 2017 by hanging in his cell. Prior to his death Emmanuel had indicated to others that he was about to commit suicide. Ms. Louzi, plaintiff herein, sues under decades-old 5th Circuit precedent that inadequate suicide prevention jail practices and customs caused her 17-year old son's death. *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 636 (5th Cir. 1996) (*en banc); Flores v. County of Hardeman,* 124 F.3d 736, 738 (5th Cir. 1997).

## I. JURISDICTION & VENUE

3. This Court has jurisdiction over Plaintiffs' federal claims, under 28 U.S.C. § 1331 and 2201, 42 U.S.C § 1983 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and supplemental jurisdiction under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the incidents at issue took place in Fort Bend County, Texas, within the United States Southern District of Texas.

## II. PARTIES

5. PLAINTIFF MARY JERMAN LOUZI, as Surviving Parent and Representative of the

Estate[2] of Emmanuel Akueir, Deceased, is a resident of Fort Bend County, Texas.

6. DEFENDANT FORT BEND COUNTY, TEXAS is a governmental body existing under the laws of the State of Texas and can be served with process by serving the County Judge of Fort Bend County, Texas at 401 Jackson Street, Richmond, Texas or wherever he is found.

7. DEFENDANT DEPUTY K. LEWIS is an individual and can be served with process at 1410 Williams Way Boulevard, Richmond, Texas or wherever he is found.

8. DEFENDANT SHERRIFF TROY NEHLS is an individual and can be served with process at 1410 Williams Way Boulevard, Richmond, Texas or wherever he is found.

### III. ADDITIONAL FACTS

9. Mary Louzi fled the horrendous civil war in Sudan with her family to Egypt where they they lived as refugees.[3] In 2006 Louzi came to the United States with her five children including Emmanuel Akueir.

10. January 3, 2017 Emmanuel, 17, was arrested for robbery using a pellet gun. Prior to this Emmanuel had no criminal record. He was placed in the Fort Bend County jail.

11. Deputy K. Lewis, whose responsibility it was to do inmate welfare rounds at the Fort Bend County jail, found Emmanuel hanging in his cell by bedding January 26, 2017. It was determined that Emmanuel had committed suicide. Prior to his death Emmanuel had indicated to others at the jail that he was about to commit suicide. Hanging with bedding is the most common form of suicide of jail and prison inmates.

12. September 29, 2015 Fort Bend County jail inmate Heriberto Correas committed suicide by hanging with bedding. The Texas Commission on Jail Standards (TCJS) investigated and wrote

---

[2] The Estate action is to be filed.
[3] Roughly two million people died as a result of war, famine and disease caused by the conflict. Four million people in southern Sudan were displaced. The civilian death toll is one of the highest of any war since World War II and was marked by a large number of human rights violations including slavery and mass killings.

*Plaintiff's Original Complaint*

a letter directly to defendant Fort Bend County Sheriff Troy Nehls. **Exhibit 1.** The short, to-the-point October 15, 2015 letter stated--in the first sentence--that "an area of concern exists." That concern was failure to do the 30-minute face-to-face inmate visual contacts required by state law. As a result, the TDCJ classified the Fort Bend County jail as "At Risk" and was required to submit a plan to prevent reoccurrence. 19 days prior to Eugene's suicide the Texas Commission on Jail Standards (TCJS) cited the Fort Bend County jail for a pattern and practice of failing to properly administer rounds and face to face observations of inmates after an investigation of a prior suicide.[4]

13. On November 1, 2015, at approximately 9 pm, Eugene Ethridge Jr. was arrested on suspicion of felony driving while intoxicated with two child passengers and taken to the Fort Bend County Jail. Eugene was booked into the Fort Bend County jail November 2, 2015. Eugene was worried and depressed he would lose his job, his significant other, and custody of his children due to his arrest. November 3, 2018 Eugene was found hanged in his cell using bedding. The death was determined to be a suicide by hanging.

14. After and because of Eugene's death the TCJS again cited the Fort Bend County jail with failure to do state-mandated rounds.

15. Prior to Eugene's arrest Defendants Sheriff Nehls and Fort Bend County, Texas failed to implement a new suicide screening form as directed by the TCJS by letter dated October 22, 2015. **Exhibit 2**. This new suicide screening form resulted from the nationally highly-publicized death of Sandra Bland in nearby Waller County. The letter clearly points out that the form is to *"identify inmates at risk for suicide"* and provides "clear guidance and instruction to a county jailer…when to notify superiors, shift supervisors, mental health providers, and a magistrate" and that "We request the revised inmate screening form be implemented *immediately.*"

16. Fort Bend County failed to properly train and supervise its guards and it's implemented practices and customs which led to the deaths of Emmanuel, Eugene Ethridge Jr., and Heriberto Correas.

17. Troy Nehls is the elected Sheriff of Fort Bend County, Texas and is charge of the Fort Bend County jail as well as all the policies and customs including suicide prevention, discipline and training of jailers, and hiring and firing of jail employees. Despite being aware of several previous preventable jail suicides, the problems with jailers' failure to do rounds, staffing shortfalls, and having received several TCJS letters concerning suicide at the jail Sheriff Nehls failed to implement appropriate supervision, measures, policies, training and/or discipline to prevent the suicide of Emmanuel as well as Eugene Ethridge.

### IV. CAUSES OF ACTION

### 42 U. S. C. SECTION 1983 VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS

18. Plaintiff incorporates by reference all of the preceding paragraphs.

19. All of the above individually named Defendants were acting under color of state law and, therefore, are liable under 42 U.S.C. § 1983. The defendants are liable under Section 1983 because they deprived Emmanuel of constitutional rights provided by federal law that occurred under color of state law and were caused by a state actor. *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 636 (5th Cir. 1996) (*en banc*); *Flores v. County of Hardeman,* 124 F.3d 736, 738 (5th Cir. 1997).

20. Emmanuel had a right under the Fourteenth Amendment and Eighth Amendments to the United States Constitution while incarcerated to be free from indifference to his medical and mental health needs. The Defendants, together and individually, treated Emmanuel with deliberate indifference, negligence and gross negligence to his serious medical needs, mental health needs and wellbeing.

21. Defendant Fort Bend County, Texas as a matter of policy, practice, custom and/or

procedure did not have adequate staffing, had a practice and customs of not doing rounds, despite past warnings about same from the Texas Commission on Jail Standards, subjecting Mr. Ethridge to inadequate care and supervision.

22. Defendants, their employees, and their agents, failed to train and failed adequately supervise the actions and omissions of the jail officers and employees and agents of the Fort Bend County, Texas jail.

23. The death of Emmanuel was due to the acts and omissions of Defendants and those acts and omissions violated his constitutional right to due process, to be free from unreasonable search and seizure and the privileges and immunities and rights guaranteed by the Fourteenth Amendment, making Defendants liable to Plaintiff under and pursuant to 42 U.S.C. § 1983, 1985.

24. Fort Bend County and its agents, employees, contractors and servants, jointly and severally were responsible for plans, schemes, policies, procedures and training methods that they created and implemented, regarding staffing of the jail, guarding and observation of inmates, which plans, schemes, policies, procedures and training methods amounted to improper hiring, training and staffing. Defendants engaged in deliberate indifference to their duty of care by either indifferent policies or failure to enforce existing policies for routine and required monitoring of inmates.

## VI. PUNITIVE DAMAGES

25. Plaintiff incorporates by reference all of the preceding paragraphs.

26. Plaintiff request punitive damages against each individually-named defendant.

## VII. DAMAGES

27. Plaintiff incorporates by reference all of the preceding paragraphs.

28. Plaintiff experienced, and in all likelihood will experience, at least great pain and suffering in the past and in the future, great mental anguish in the past and future, lost wages in

the past and future, medical and living expenses in the past and future, disability in the past and future, physical impairment in the past and future, permanent disfigurement, loss of enjoyment of life, loss of future earnings capacity, loss of consortium, loss of household services comfort, love and society, and exemplary damages. Plaintiff also brings claims for violations of his 4th, 5th, 8th, and 14th Amendment rights.

29. Plaintiff has been damaged by the loss of companionship, consortium and support that would have been provided by Emmanuel but for his preventable death while in custody.

30. Emmanuel suffered great mental anguish and pain in the minutes and hours before his death and such is actionable through his estate as well as funeral expenses.

## VIII. ATTORNEY'S FEES

31. Plaintiff is entitled to recover attorneys' fees and expenses under 42 U.S.C. § 1983 and §1988.

## IX. JURY TRIAL

32. Plaintiff demands trial by jury on all issues triable to a jury.

## X. PRAYER

Plaintiff prays the Court enter judgment and award damages for Plaintiff against the Defendants, jointly and severally;

Plaintiff prays that the Court find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against the Defendants;

Plaintiff prays that the Court award pre- and post-judgement interest;

Plaintiff prays that the Court award punitive damages against all individually named Defendants to Plaintiff;

Plaintiff prays that the Court award costs of court; and

Plaintiff prays that the Court grant such other and further relief as appears reasonable and just, to which, Plaintiff shows herself entitled.

> Respectfully submitted,
> KALLINEN LAW PLLC
>
> /s/ Randall L. Kallinen
> Randall L. Kallinen
> Attorney in Charge
> State Bar of Texas No.: 00790995
> U.S. Southern District of Texas Bar No.: 19417
> 511 Broadway Street
> Houston, Texas 77012
> Telephone: 713.320.3785
> FAX: 713.893.6737
> Email: attorneykallinen@aol.com
>
> BURTON LAW FIRM
>
> /s/ *Tom Burton*
> Thomas H. Burton, III
> State Bar of Texas No.: 24009927
> U.S. Southern District of Texas Bar No.: 27622
> 5330 Griggs Rd., Suite D108
> Houston, Texas 77021
> Tel. (713) 741-9301
> Fax: (713 741-9302
> Email: tom@tomburtonlaw.com
>
> ATTORNEYS FOR PLAINTIFFS