United States District Court
Southern District of Texas
**ENTERED**
April 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY LOUZI, | § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-04821 |
| FORT BEND COUNTY, TEXAS, *et al*, | § § § | |
| Defendants. | § § | |

## ORDER ON PRODUCTION

The Court has reviewed in camera the documents at issue in Plaintiff's Motion for Order to Show Cause (Doc. 146). Defendant Correct Care Solutions (CCS) contends that these documents are privileged under the Patient Safety and Quality Improvement Act (PSQIA), 42 U.S.C. § 299b-22. To establish protection under the PSQIA, CCS "must show that '(1) the withheld documents contain patient safety information gathered as part of a [patient safety evaluation system]; and (2) the withheld documents were reported by the provider to its [patient safety officer] without being previously removed from the [patient safety evaluation system] or otherwise disclosed apart from the [patient safety evaluation system].'" *Herriges v. County of Macomb*, No. 19-12193, 2020 U.S. Dist. LEXIS 146663, at *7 (E.D. Mich. Aug. 14, 2020) (quoting *Tinal v. Norton Healthcare, Inc.*, No. 3:11-CV-596-S, 2014 U.S. Dist. LEXIS 191995, at *5 (W.D. Ky. July 15, 2014)).

The Court remains unable to resolve the dispute. The Court finds that the documents facially establish the first element of this test: They appear to contain patient safety information gathered as part of a patient safety evaluation system. But the documents themselves do not establish the second element. To prove that element, CCS instead relies on an affidavit from its

Patient Safety Officer, Grady Judson Bazzel, who represents that the documents were generated "exclusively for the [patient safety organization] and completely submitted to the [patient safety organization]." (Doc. 135-3 ¶ 10.) Troublingly, however, Mr. Bazzel submitted a nearly identical affidavit, in a nearly identical procedural posture in a nearly identical case, that was found to "raise[] several red flags about his and CCS's credibility." *Herriges*, 2020 U.S. Dist. LEXIS 146663, at *10–20. Therefore, to properly evaluate CCS's claim of privilege, the Court orders CCS to submit by April 21, 2021, objective evidence demonstrating that the contested documents were actually reported to CCS's PSO and not otherwise disclosed to Fort Bend County or any other third party.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 15th day of April, 2021.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE