United States District Court
Southern District of Texas
**ENTERED**
January 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MARY LOUZI as Surviving Parent and Representative of the Estate of Emmanuel Akueir, Deceased,** § § § § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:18-cv-4821 |
| § | |
| **FORT BEND COUNTY, TEXAS et al,** § | |
| Defendants. | |

## MEMORANDUM & ORDER

The Court held a hearing on Plaintiff's Motion for Reconsideration (Doc. 180) on January 6, 2022. At that hearing, the Court denied Plaintiff's Motion for Reconsideration. The Court provides this Memorandum & Order to further document its rulings and reasoning.

### I.  FACTUAL BACKGROUND

On July 20, 2021, this Court granted defendants Fort Bend County and Sheriff Troy Nehls' motion for summary judgment, because the court was unable to find a showing as required to get past summary judgment on pattern and practice, noncommunication, or failure to train. Min. Ent. July 20, 2021. In its motion for reconsideration, plaintiff Mary Louzi proffered the same evidence offered at the motion for summary judgment phase, substituting her previous legal arguments with citations to Seventh Circuit law. Mot. Recon. 11-16, ECF 180.

### II.  DISCUSSION

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir.2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Fed. R.

1

Civ. P. 59(e) or a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). As plaintiff did not specify whether she filed her motion under rule 59(e) or rule 60(b), the Court will briefly analyze each in turn.

A motion for reconsideration under rule 59(e) ". . . must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Pender v. Barron Builders & Mgmt. Co.,* 298 F. App'x 298, 299 (5th Cir. 2008) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal citations omitted)); *see also Rosenzweig v. Azurix Corp.* 333 F.3d 854, 863 (5th Cir. 2008). A district court has "considerable discretion" to grant or deny a motion under Fed. R. Civ. P. 59(e). *Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 355 (5th Cir.1993). However, the Fifth Circuit cautions that reconsideration under Fed. R. Civ. P. 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir.2004).

There are four basic grounds upon which a Rule 59(e) motion may be granted. *F.D.I.C. v. World University Inc.*, 978 F.2d 10 (1st Cir. 1992); *see also* 11 Charles Alan Wright , Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (3d ed. 2021). First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *See, for example, GO Computer, Inc. v. Microsoft Corp.,* 508 F.3d 170 (4th Cir. 2007) (holding that there was manifest error warranting grant of motion to amend a judgment where district court accidentally granted a judgment resulting in plaintiff voluntarily dismissing all claims instead of just one). Of course, the corollary principle applies and the movant's failure to show any manifest error may result in the motion's denial. *See Federal Practice*

*and Procedure* § 2810.1, *supra* (citing *Brown v. Presbyterian Heathcare Services*, 101 F.3d 1324 (10th Cir. 1996). Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. *In re: Louisiana Crawfish Producers,* 852 F.3d 456 (5th Cir. 2017). Third, the motion will be granted if necessary to prevent manifest injustice. *See Federal Practice and Procedure* § 2810.1, *supra.* Serious misconduct of counsel may justify relief under this theory. *Id*. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law. *Id*.

Crucially, a Rule 59(e) motion must be filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). Therefore, plaintiff's October 25, 2021 motion for reconsideration is untimely under Rule 59(e) as she asks this Court to reconsider its July 20, 2021 judgment granting defendants' motion for summary judgment. Furthermore, plaintiff's motion brings no new evidence, cites no new controlling precedent, and cites no law that was not in effect when this Court granted defendants' motion for summary judgment.

Even when analyzed under Rule 60(b)'s more permissive filing deadlines, plaintiff's motion for reconsideration fares no better. Rule 60(b) provides for relief from "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). However, the Fifth Circuit has held that such Rule 60(b) relief must involve judicial error that rises to a "'fundamental misconception of the law' and not merely an erroneous ruling." *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.,* 965 F.3d 404, 414 (5th Cir. 2020)(citing *Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019)[quoting *Chick Kam Choo v. Exxon Corp*., 699 F.2d 693, 695(5th Cir. 1983)]).

Here, plaintiff's reconsideration argument is based solely on the Seventh Circuit's holdings that (1) where institutional policies are themselves deliberately indifferent, institutional liability is

possible even where individual actors are innocent; and that (2) deliberate indifference can be established even without similar prior injuries resulting from the alleged custom. Mot. Recon. 11-16, ECF 180 (citing *Glisson v. Ind. Dep't of Corr.,* 849 F.3d 372 (7th Cir. 2017)(en banc) and *J.K.J. v. Polk Cty.*, 960 F.3d 367 (7th Cir. 2020)(en banc)). Even assuming this Court granted summary judgment in reliance on the Fifth Circuit's contrary legal take on *Monell* liability, *see, for example, Peterson v. City of Fort Worth*, 588 F.3d 838, 849 (5th Cir. 2009), it is clear that such a judgment would not constitute judicial error at all, let alone error rising to a "fundamental misconception of the law" since the Seventh Circuit's authority is not binding on this Court. *Acadian*, 965 F.3d at 414.

### III.   CONCLUSION

In sum, because plaintiff (1) missed the Rule 59(e) deadline; (2) failed to identify a manifest error of law or fact; (3) failed to present new or previously unavailable evidence; (4) failed to articulate a manifest injustice; (5) failed to identify an intervening change in controlling law; and (5) failed to identify judicial error rising to the level of fundamental misconception of the law, this Court must deny plaintiff's motion for reconsideration.

For the reasons described above and as stated on the record at the January 6, 2022 hearing, the Court **DENIES** Plaintiff Mary Louzi's Motion for Reconsideration.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 20th day of January, 2022.

*[signature]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

4